██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEBASTIAN BIONDO, Also Known as BENNY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered September 21, 1970, convicting him of criminal usury (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Latham, Acting P. J., Margett and Hawkins, JJ., concur; Damiani, J., dissents and votes to reverse the judgment and order a new trial, with an opinion, in which Christ, J., concurs. Damiani, J. (dissenting). During selection of the jury, defense counsel challenged the prospective foreman for cause pursuant to subdivision 2 of section 376 of the former Code of Criminal Procedure on the ground that the juror's father-in-law was the Chief Assistant District Attorney who had presented this case to the Grand Jury which had returned the indictment against the defendant and his two codefendants. He also asserted that the juror knew defense counsel and knew of "certain transactions which took place at his office, legal transactions." The nature of these transactions does not appear in the record. There is, however, an undisputed allegation in defendant's brief that the juror stated that "he was a real estate broker", that he and his father had "had many business dealings" with defense counsel and that he had met him "at several political and social affairs." The trial court ruled as follows: "THE COURT: Once again, Mr. Lisciandro, you feel in view of what has been said here, that you can sit as a

juror, and consider only the evidence adduced before you in this case and render a fair and impartial decision as to the evidence, independent of your background? THE JUROR: I do, your Honor. THE COURT: Denied. Exception is noted." Defendant's subsequent motion for a mistrial on this ground was also denied. In my judgment, the trial court's denial of defendant's challenge for cause under these circumstances was an abuse of discretion and constituted reversible error. While it is true that there was no evidence of actual prejudice or bias on the part of this juror, nevertheless it was apparent at the outset of the trial that he was closely related to the Chief Assistant District Attorney, who played an important role in the prosecution of this defendant, and, in addition, that the juror and his father apparently had "many business dealings" with defense counsel, who was challenging the juror for cause. Thus, there was a showing of sufficient previous connection of the juror with this case to destroy the defendant's confidence in the juror's impartiality. The defendant could reasonably have believed that he would be unfairly disadvantaged by the presence on the jury of a foreman who would judge the case not on the evidence alone, but upon some preformed disposition against him. The juror should not have served. As Mr. Justice Hopkins recently stated (La Rocca v Lane, 47 AD2d 243, 251, affd 37 NY2d 575): "A fair trial encompasses more than a fair jury; it includes the atmosphere and the appearance of a fair trial. 'It is not merely of some importance but is of fundamental importance that justice should not only be done, but should manifestly and undoubtedly be seen to be done' (Rex v Sussex Justices [1924], 1 KB 256, 259; cf. Cox v Louisiana, 379 US 559, 565). 'Preserving and enhancing respect for law is of surpassing importance in the administration of justice and the standards emphasize the pervasive obligation of the judge to maintain and safeguard both the reality and appearance of justice and respect for the law by his judicial conduct and utterances' (A.B.A. Project on Minimum Standards for Criminal Justice, The Function of the Trial Judge, Introduction [Tentative Draft], p 4)." The judgment of conviction should be reversed and a new trial ordered. Christ, J., concurs in the dissenting opinion.